UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19 CR 755 HEA |
| | ) |
| STEPHAN JONES, | ) |
| | ) |
| Defendant. | ) |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are the Defendant Stephan Jones, represented by defense counsel Peter

Cohen, and the United States of America (hereinafter "United States" or "Government"),

represented by the Office of the United States Attorney for the Eastern District of Missouri. This

agreement does not, and is not intended to, bind any governmental office or agency other than

the United States Attorney for the Eastern District of Missouri. The Court is neither a party to

nor bound by this agreement.

### 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the

Defendant's voluntary plea of guilty to Count One, the United States agrees to dismiss Counts

Two and Three at the time of sentencing. The United States also agrees that no further federal

prosecution will be brought in this District relative to the Defendant's participation in a drug

conspiracy; conspiracy to possess, brandish and discharge firearms in furtherance of that drug

conspiracy; and discharge of firearms in furtherance of that drug conspiracy where death

1

resulted, which specifically occurred on or about October 3, 2017, of which the United States is aware at this time.

Based upon the unique facts and circumstances of this Defendant and this matter, the parties agree that, at the time of sentencing, the parties will jointly recommend to the Court that an appropriate sentence to be imposed upon Defendant is a term of 60 months (five years) imprisonment. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

## 3. ELEMENTS:

**Count One**. As to Count One, the Defendant admits to knowingly violating Title 21, United States Code, Section 846, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(1)    One or about October 3, 2017, two or more persons reached an agreement or came to an understanding to possess with an intent to distribute controlled substances;

(2)    Defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect;

(3)    At the time the Defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding; and

(4)    The agreement or understanding involved one or more controlled substances.

## 4. FACTS:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

2

On or about October 3, 2017, Defendant conspired with co-defendants Kurt Wallace, Floyd Barber, Jarell Henderson, and Larenta Jones to commit the offense of possession with the intent to distribute controlled substances. Defendant, knowing the purpose of the agreement and conspiracy, knowingly joined it while it was in effect. More specifically, Defendant was the driver of a vehicle along with other individuals for the purpose of, among other things, engaging in drug trafficking within the federal jurisdiction of the Eastern District of Missouri. Throughout October 3, 2017, Defendant and his associates engaged in the possession and distribution of controlled substances, including, but not necessarily limited to, marijuana, Xanax, and/or ecstasy. During the course of these drug trafficking activities, Defendant's associates were armed with firearms and were prepared to provide protection to Defendant and themselves, if necessary. At various points throughout October 3, Defendant knew that one or more of his associates was armed with a firearm.

On October 3, 2017, the vehicle driven by Defendant traveled to the area of 4739 Goodfellow Boulevard in the City of Saint Louis. Defendant traveled to the location for the purpose of one or more of his associates selling controlled substances. One or more of Defendant's associates intended to purchase controlled substances, and did so, from victim L.P. Following the drug trafficking transaction with victim L.P. conducted by one or more of Defendant's associates, Defendant left the area by driving his vehicle with his associates.

Sometime after these drug trafficking transactions, Defendant and his associates made contact with co-defendant Kurt Wallace. Co-defendant Kurt Wallace entered the vehicle being utilized by the group. Like other members of the group, co-defendant Kurt Wallace was armed. Specifically, co-defendant Kurt Wallace was armed with a rifle-type firearm. Co-defendant Jarell Henderson was armed with a "mini-rifle-type" firearm. Co-defendant Floyd Barber was armed with a handgun. Again, Defendant knew that one or more of his associates was armed with a

3

firearm. Despite knowing this, Defendant never took a definite, positive step to disavow or defeat the purpose of the commission of criminal activity on October 3, 2017. More specifically, Defendant, co-defendant Kurt Wallace, and their associates, including Floyd Barber, Larenta Jones and Jarell Henderson, returned in the vehicle being driven by Defendant to the area of 4739 Goodfellow Boulevard. Defendant and his associates intended to continue drug trafficking upon return.

By this plea agreement, Defendant acknowledges and understands that his associates came to an agreement and understanding that the group would return to the parking lot of 4739 Goodfellow Boulevard for the purpose of robbing victim L.P. of controlled substances, United States currency, and/or any other item of monetary value. To that end and prior to arrival on the parking lot at 4739 Goodfellow sometime after 10:00 p.m. on October 3, Defendant allowed co-defendants Kurt Wallace and Jarell Henderson to exit the vehicle Defendant was driving armed with firearms near the location where victim L.P. was parked. Defendant and co-defendants Floyd Barber and Larenta Jones proceeded to the parking lot in the vehicle Defendant was driving.

Defendant exited the vehicle and eventually reentered the driver's seat of the vehicle. While sitting in the driver's seat, Defendant observed and understood that co-defendants Kurt Wallace, Floyd Barber and Jarell Henderson were committing an armed robbery of victim L.P. During the course of the armed robbery, Defendant initially heard one or more of his associates discharge one or more firearms at victim L.P. By this plea agreement, Defendant acknowledges and understands that victim L.P. was shot and died as a result of gunshot injuries and that the discharge of one or more firearms by Defendant's associates was committed during the course and in furtherance of the group's drug conspiracy.

Immediately following the shooting of victim L.P., Defendant and co-defendant Larenta Jones left the parking lot in the vehicle being driven by Defendant. Defendant eventually picked

4

up co-defendants Kurt Wallace, Floyd Barber and Jarell Henderson nearby and fled from the area, aiding and abetting co-defendants Kurt Wallace, Floyd Barber and Jarell Henderson in their flight and escape from the murder scene.   While inside the vehicle and among other things, co-defendants Kurt Wallace and Floyd Barber made statements confirming that each discharged a firearm at victim L.P.

**5.  STATUTORY PENALTIES:**

**Count One**.  The Defendant fully understands that the maximum possible penalty provided by law for the crime to which the Defendant is pleading guilty is imprisonment of not more than 20 years, a fine of not more than $1 million, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not more than 3 years.

**6.  U.S. SENTENCING GUIDELINES:  2018 MANUAL:**

The Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category.  The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

**a.      Offense Conduct:**

**COUNT ONE**

(1) **Base Offense Level**: The parties agree that the base offense level will be found in section 2D1.1(c).  The parties agree that the converted drug weight for which the Defendant is accountable, including relevant conduct, is more than 1 gram and less than 2.5 kilograms of marijuana.

(2) **Specific Offense Characteristics**:

(a)      The parties recommend that two (2) level be added pursuant to Section 2D1.1(b)(1) in that a dangerous weapon was possessed during the conspiracy.

5

**b.      Chapter 3 and 4 Adjustments:**

**(1) Acceptance of Responsibility:** As to Count One, the parties recommend that up to three levels should be deducted pursuant to Sentencing Guidelines Section 3E1.1(a) and (b) because Defendant has clearly demonstrated acceptance of responsibility. If the deduction pursuant to Sentencing Guidelines Section 3E1.1(a) is applied, then the United States moves to deduct one additional level pursuant to Sentencing Guidelines Section 3E1.1(b)(2), because Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that if Defendant does not abide by all of the agreements made within this document, Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. The parties further agree that Defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based upon the information known at the present time and that any actions of Defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with Defendant's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

**c.      Estimated Total Offense Level:**

The parties make no estimate as to the estimated total offense level at this time. The parties reserve the right to provide an estimated total offense level at sentencing, after having had the opportunity to review the presentence investigation report.

**d.  Criminal History:**  The determination of the Defendant's Criminal History Category shall be left to the Court.  Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the Defendant's criminal history and the applicable category.  The Defendant's criminal history is known to the Defendant and is substantially available in the Pretrial Services Report.

**e.  Effect of Parties' U.S. Sentencing Guidelines Analysis:**  The parties agree that the Court is not bound by the Guidelines analysis agreed to herein.  The parties may not have foreseen all applicable Guidelines.  The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7.  WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

**a.  Appeal:**  The Defendant has been fully apprised by defense counsel of the Defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1)  Non-Sentencing Issues:**  The parties waive all rights to appeal all non jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which Defendant is pleading guilty and whether Defendant's conduct falls within the scope of the statute(s).

**(2)  Sentencing Issues:**  In the event the Court accepts the plea and, in sentencing the Defendant follows the jointly recommended sentencing agreement of the parties set forth in Paragraph 2, then, as part of this agreement, the parties hereby waiver all rights to appeal all sentencing issues.

**b.  Habeas Corpus:**  The Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including by way of collateral attack as to the

7

constitutionality of a Title 18, United States Code, Section 924(c) conviction based upon the

theory that Title 18, United States Code, Section 924(c)(3)(B) or any other portion of the statute

is unconstitutionally vague, or one pursuant to Title 28, United States Code, Section 2255,

except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The Defendant waives all rights, whether asserted directly or by

a representative, to request from any department or agency of the United States any records

pertaining to the investigation or prosecution of this case, including any records that may be

sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the

Privacy Act, Title 5, United States Code, Section 552(a).

## 8. OTHER:

**a. Disclosures Required by the United States Probation Office:** The Defendant

agrees to truthfully complete and sign forms as required by the United States Probation Office

prior to sentencing and consents to the release of these forms and any supporting

documentation by the United States Probation Office to the government.

**b. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**

Nothing contained herein limits the rights and authority of the United States to take any

civil, tax, immigration/deportation or administrative action against the Defendant.

**c. Supervised Release:** Pursuant to any supervised release term, the Court will

impose standard conditions upon the Defendant and may impose special conditions related to

the crime Defendant committed.   These conditions will be restrictions on the Defendant to

which the Defendant will be required to adhere.  Violation of the conditions of supervised

release resulting in revocation may require the Defendant to serve a term of imprisonment equal

to the length of the term of supervised release, but not greater than the term set forth in Title 18,

8

United States Code, Section 3583(e)(3), without credit for the time served after release. The Defendant understands that parole has been abolished.

**d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the Defendant agrees to pay at the time of sentencing. Money paid by the Defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e. Possibility of Detention:** The Defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f. Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration and costs of supervision. The Defendant agrees that any fine imposed by the Court will be due and payable immediately. In addition, the Court may impose restitution (in addition to any penalty authorized by law) which will also be due and payable immediately. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The Defendant agrees to provide full restitution to all victims of all charges in the indictment.

**g. Forfeiture:** The Defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The Defendant agrees that said items may be disposed of by law enforcement officials in any manner.

9

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses charged against the Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The Defendant further understands that by this guilty plea, the Defendant expressly waives all the rights set forth in this paragraph.

The Defendant fully understands that the Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The Defendant's counsel has explained these rights and the consequences of the waiver of these rights. The Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The Defendant is fully satisfied with the representation received from defense counsel. The Defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the Defendant has requested relative to the government's case and any defenses.

The guilty plea could impact Defendant's immigration status or result in deportation. In particular, if any crime to which Defendant is pleading guilty is an "aggravated felony" as

defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the Defendant of the possible immigration consequences, including deportation, resulting from the plea.

## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the Defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the Defendant states that no person has, directly or indirectly, threatened or coerced the Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The Defendant further acknowledges that this guilty plea is made of the Defendant's own free will and that the Defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if Defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the United States agrees to dismiss or not to bring.

9.15.2021

_____
Date

_____
Thomas Rea
Assistant United States Attorney

_____
Date
9-29-21

_____
Stephan Jones
Defendant

_____
Date
18-4-21

_____
Peter Cohen
Counsel for Defendant

12